**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4728

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JEREMY MARTINEZ-PEREZ,

Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:08-cr-01074-TLW-1)

Submitted:  March 22, 2011          Decided:  April 8, 2011

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

T. Kirk Truslow, TRUSLOW LAW FIRM, LLC, North Myrtle Beach,
South Carolina, for Appellant.  William N. Nettles, United
States Attorney, Alfred W. Bethea, Jr., Assistant United States
Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Martinez-Perez was charged by a federal grand jury with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006). Martinez-Perez pleaded guilty, and the district court sentenced him to 120 months' imprisonment, the mandatory statutory minimum. Martinez-Perez noted a timely appeal. Finding no reversible error, we affirm.

On appeal, Martinez-Perez argues that the facts on the record do not support the district court's conclusion that Martinez-Perez was a leader, supervisor, or manager within the meaning of U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(c) (2009). He asserts that, because the district court erroneously applied the leadership enhancement, it also improperly failed to sentence him in accordance with the safety valve provisions of USSG § 5C1.2 and 18 U.S.C. § 3553(f) (2006).

The district court's determination that a sentencing enhancement is warranted is a factual determination reviewed for clear error. United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009). We will reverse only if we are left with the "definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted).

2

A defendant qualifies for a two-level enhancement if he was an "organizer, leader, manager, or supervisor" in any criminal activity that did not involve five or more participants and was not otherwise extensive. USSG § 3B1.1(c). Factors distinguishing a leadership or organization role from lesser roles include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1, cmt. n.4; United States v. Cameron, 573 F.3d 179, 184 (4th Cir. 2009). The leadership enhancement "is appropriate where the evidence demonstrates that the defendant controlled the activities of other participants or exercised management responsibility." United States v. Slade, 631 F.3d 185, 190 (4th Cir. 2011) (internal quotation marks omitted). The facts establishing the enhancement must be by a preponderance of the evidence. Harvey, 532 F.3d at 337.

We find that the district court did not clearly err in concluding that the Government met this burden. Martinez-Perez obtained cocaine in Texas for sale in South Carolina. He used multiple individuals and bank accounts to transfer the proceeds back to Texas. The district court permissibly concluded that in doing so, Martinez-Perez did more than simply sell cocaine to

3

local suppliers — he actively managed the movement of the proceeds of those sales from South Carolina back to Texas. Moreover, because the district court did not clearly err in applying the leadership enhancement, Martinez-Perez does not meet the requirements for the safety valve. <u>See</u> USSG § 5C1.2(a)(4).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>